FILED
2008 Oct-06 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LINDA JOHNSON, on behalf of herself and others similarly situated,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> **vs.** ) <br> ) <br> **STEELCASE, INC.,** ) <br> ) <br> Defendant. ) | Civil Action Number <br> **5:07-cv-00064-UWC** |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

### A. Findings of Fact

Based on the evidence adduced at the class certification hearing, the Court makes the followings Findings of Fact:

1. Plaintiff Linda Johnson seeks to represent a class of all black Americans who, between January 5, 2005, to the present, were/are employed by Steelcase, Incorporated in production technician (EEO-7) positions and who were qualified, but not selected, for vacancies in permanent positions of quality specialists and quality control technicians (EEO 5BA), zone leaders and temporary supervisors (EEO 6BA), and productions specialists (EEO 6CA).

2. Plaintiff has been and continues to be employed by Defendant as a

production technician in the defined time frame, and she unsuccessfully sought the positions of zone leader, quality specialist, and production specialist.

    3. There are at least 140 members of the putative class.

    4. There are several factual and legal questions common to the class. These include, without limitation:

        a) whether Defendant's promotions to EEO 5 and EEO 6 jobs are made on a racially discriminatory basis;

        b) whether putative class members are effectively notified of vacancies in EEO 5 and EEO 6 positions, as they occur;

        c) whether the exercise of subjective discretion by Defendant's white managers results in the exclusion of putative class members from certain positions because of their race;

        d) whether Defendant's failure to post certain jobs intentionally discriminates against putative class members on racial grounds;

        e) whether Defendant's white managers manipulate the posting of certain jobs to exclude members of the putative class;

        f) whether Defendant's white managers fail to post certain jobs for the purpose of excluding members of the putative class;

        g) whether Defendant's white managers use temporary vacancies to train

white employees for certain permanent jobs, while excluding putative class members from such temporary vacancies;

      h) whether Defendant's interview process for various jobs, and/or the manipulation of interview scores for such jobs intentionally discriminates against putative class members;

      i) whether Defendant's filling of multiple positions from a single job posting discriminates against putative class members; and

      j) whether the Defendant's employment practices violate Title VII of the 1964 Civil Rights Act.

    5. Plaintiff's claims are typical of other members of the putative class.

    6. Plaintiff is mindful of the duties of a class representative and she is willing and capable of fulfilling those duties vigorously. She is familiar with the lawsuit and she has ongoing contacts with the members of the putative class. She has no interests antagonistic to those of the class. There is no collusion between the Plaintiff and the Defendant. Plaintiff's counsel is fully competent and experienced in the representation of plaintiffs in employment class actions.

### B. Conclusions of Law

    1. Plaintiff is a member of the class on whose behalf she sues.

    2. The class sought to be represented by Plaintiff is so numerous that joinder

of all its members is impracticable.

3. There are questions of law and fact common to Plaintiff and the putative class.

4. Plaintiff's claims are typical of those of the putative class.

5. Plaintiff is an adequate representative of the putative class.

6. Defendant has acted on grounds generally applicable to the class; and the relief sought for the class is equitable (i.e., promotions, backpay, injunction against future discrimination, and attorney's fees).

By separate order, the Court will grant the motion for class certification.

Done this 6th day of October, 2008.

_____
U.W. Clemon
United States District Judge